Filed 7/10/13  Farr v. County of Nevada CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| JOHN M. FARR, | |
| Plaintiff and Appellant, | C068049 |
| v. | (Super. Ct. No. T083176C) |
| COUNTY OF NEVADA, | |
| Defendant and Respondent. | |

John M. Farr appeals pro se from an order of the trial court denying his motion for an award of attorney fees, and granting the motion of the County of Nevada (County) to strike virtually all of the costs sought in Farr's memorandum of costs.

In the litigation underlying the present appeal, Farr sought review in the trial court of a property tax assessment decision of the Nevada County Assessment Appeals Board (the Board) regarding the value of his owner-occupied single-family home.  The trial court upheld the Board's decision, but in *Farr v. County of Nevada* (2010) 187 Cal.App.4th 669 (*Farr I*), this court reversed the trial court's judgment and remanded the matter to the Board for further proceedings, based on our conclusion that the Board failed to apply the correct burden of proof.  (*Id*. at pp. 674, 683.)  Having prevailed in his appeal in *Farr I*, Farr was awarded his costs on appeal.  (*Id*. at p. 687.)

1

After the remittitur issued, Farr filed in the trial court a memorandum of costs on appeal, seeking $4,202 in costs, including those associated with his appeal of the Board's decision to the trial court. Farr also filed a motion seeking $13,500 in attorney fees, pursuant to Revenue and Taxation Code sections 1611.6 and 5152.[1] The County opposed Farr's motion for attorney fees and moved to tax costs. The trial court awarded Farr costs in the amount of $655 only, and denied his request for attorney fees.

Farr contends the trial court erred by not awarding him the costs associated with his underlying challenge in the trial court to the Board's decision. He also contends the court erred in denying his request for attorney fees. As to costs on appeal, we conclude the trial court did not abuse its discretion to award $655, the cost of filing the civil notice of appeal. As to attorney fees, sections 1611.6 and 5152 do not apply to this case. Therefore, the trial court properly denied Farr's motion for attorney fees. We affirm the trial court's order.

BACKGROUND

*Farr's Appeal of the Property Assessment*

The underlying dispute in this case arose between Farr, who built a new house on property his family had long owned in Nevada County, and the County (as represented by its assessor's office) over the value of property improved by Farr. As set forth in our prior published opinion in this case, Farr began construction in 2004. The house received a 40 percent completion property tax assessment of $265,000 at the end of 2004; in 2006, the assessor issued a supplemental assessment of $1.35 million, bringing the total assessment for the newly constructed house to $1.6 million for the 2005/2006 tax year. (*Farr I, supra,* 187 Cal.App.4th at p. 674.)

Farr challenged the supplemental assessment and filed a formal administrative appeal. (*Farr I, supra,* 187 Cal.App.4th at p. 675.) In Farr's view, the value of his

---

[1] Undesignated statutory references are to the Revenue and Taxation Code.

2

improved property was $715,000. The hearing on Farr's administrative appeal before the Board spanned several months, during which the assessor issued its 2006/2007 regular assessment of the property and twice reduced (to $1.21 million) its evaluation of the value of Farr's home. (*Id.* at pp. 675-676.) At the hearing, the Board accepted the assessor's assertion that Farr was required to present his evidence first, because the property was not Farr's principal place of residence (*id.* at p. 675) and, when the Board's counsel discussed the "burden" or "presumption" applicable to its consideration of the evidence presented during Farr's administrative appeal, counsel advised the Board (among others) that "the basic presumption in most cases is that the Assessor has done his or her duty correctly, and therefore, his or her opinion is the correct one absent sufficient evidence by the other side to overcome that presumption." (*Id.* at pp. 676-677.)

The Board's written findings of fact and decision contained its decision that "enough evidence had been introduced that neither party was likely to gain much advantage from a presumption." (*Farr I, supra,* 187 Cal.App.4th at p. 677.) The Board accepted the comparable sales values proffered by the assessor, and rejected Farr's analysis of the value of his house as too low, given market conditions in September 2005. (*Id.* at pp. 677-678.) It directed the assessor to enroll a value for the property of $1.29 million for the supplemental assessment, and to adjust the regular 2006/2007 values in accordance with Proposition 13. (*Id.* at p. 678.)

Farr appealed the Board's decision and claimed a refund from the County Board of Supervisors; when that appeal was denied, Farr filed an action in the trial court, first as a petition for writ of mandate, then as a complaint against the County for a tax refund and order permanently enjoining discrimination against part-time residents in the assessment valuation of new construction. (*Farr I, supra,* 187 Cal.App.4th at p. 678.) The trial court rejected Farr's claims, upheld the decision of the Board, and denied Farr any relief. (*Ibid.*)

Farr appealed the trial court's decision to this court, asserting (among other things) that the Board had made legally deficient findings of fact, discriminated against him as a part-time resident of the area, applied incorrect valuation methods, and misapplied the burden of proof required by section 167, subdivision (a) (section 167(a)), which states, "there shall be a rebuttable presumption affecting the burden of proof in favor of the taxpayer or assessee who has supplied all information as required by law to the assessor in any administrative hearing involving the imposition of a tax on an owner-occupied single-family dwelling." (*Farr I*, 187 Cal.App.4th at p. 683, italics omitted.)[2]

In resolving the issues raised by *Farr I*, we focused our analysis on the Board's failure to apply the correct burden of proof, holding that "Farr's hearing before the Board was not conducted pursuant to section 167(a) or the applicable regulations," the latter of which directs that the Board "shall not require the applicant to present evidence first when the hearing involves . . . [t]he assessment of an owner-occupied single-family dwelling." (*Farr I, supra,* 187 Cal.App.4th at p. 683.) We held the Board had violated section 167(a) and failed to proceed in the manner required by law when it failed to place the burden of proof concerning the valuation of Farr's property on the assessor (*id*. at pp. 678-683); moreover, the Board's failure to apply the proper burden of proof required that its decision be vacated and the matter remanded to the Board for a new hearing to be conducted "in accordance with section 167(a)," i.e., applying the correct burden of proof. (*Id*. at p. 685.)

Our opinion in *Farr I* did not expressly address Farr's contention on appeal that the Board made legally deficient findings of fact. We did, however, "make a few comments for purposes of such further proceedings before the Board." (*Farr I, supra,* 187 Cal.App.4th at p. 686.) We noted the record of such further proceedings must show

---

[2] Section 167(a) represents an exception to the general rule that assessments are presumed correct, and the taxpayer has the burden to show an assessment is improper. (*Farr I, supra,* 187 Cal.App.4th at pp. 682-683; *Midstate Theatres, Inc. v. County of Stanislaus* (1976) 55 Cal.App.3d 864, 886.)

4

the assessor's explanation for making any upward or downward adjustments to sales data supplied by Farr to ensure comparability, so the Board may have an evidentiary basis for its consideration. (*Ibid*.) We also noted "the Board's written findings of fact (. . . § 1611.5) should include all legally relevant subconclusions supportive of its ultimate decision so that a reviewing court is able to trace and adequately examine the Board's mode of analysis" (*ibid*.) and suggested the Board "should address specifically its reasoning for accepting or rejecting each issue raised by the parties." (*Ibid*.)

As the prevailing party, Farr was awarded "his costs on appeal." (*Farr I, supra,* 187 Cal.App.4th at p. 687.)

### *Farr's Memorandum of Costs and Motion for Attorney Fees*

After the remittitur issued, Farr filed a memorandum of costs on appeal. He sought $4,202, of which $2,126 represented filing fees, and $475 represented amounts sought for preparation of the clerk's transcript. Farr also filed a motion seeking $13,500 in attorney fees, i.e., "the reasonable fees he has paid two attorneys for their work on the preparation of [his] pleadings in this case." Farr argued he should recover attorney fees because "the Court of Appeal found that the [Board's] findings of fact were deficient" and section 1611.6 allows a recovery of attorney fees "if the findings [of fact] are found by a reviewing court to be so deficient that a remand to the county board is ordered to secure reasonable compliance with the elements of findings required by Section 1611.5." Alternatively, Farr argued an award of attorney fees is warranted pursuant to section 5152[3] because the assessor failed to assess his property "in accordance with law."

---

[3] Section 5152 states in part: "In an action in which the recovery of taxes is allowed by the court, if the court finds that the void assessment or void portion of the assessment was made in violation of a specific provision of the Constitution of the State of California, of this division, or of a rule or regulation of the board, and the assessor should have followed the procedures set forth in Section 538 in lieu of making the assessment, the plaintiff shall be entitled to reasonable attorneys' fees as costs in addition to the other allowable costs."

The County opposed Farr's motion for attorney fees, arguing the Revenue and Taxation Code provisions upon which Farr relied are inapplicable. It also moved to strike virtually all the costs claimed by Farr in his memorandum of costs, arguing that Farr may recover only $655, the cost of filing his civil notice of appeal.

Following an unreported hearing, the trial court granted the County's motion to strike costs, and reduced Farr's total cost recovery to $655. The court also denied Farr's motion for attorney fees; it found that neither section 1611.6 nor 5152 warranted an award of attorney fees in this case.

DISCUSSION

I

*Applicable Standards of Review*

A judgment or order of the trial court is presumed to be correct, and all intendments and presumptions are indulged to support it on matters as to which the record is silent. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 977-978.) It is the appellant's burden to affirmatively demonstrate reversible error. (*Denham*, at p. 564; *In re Marriage of Gray*, at pp. 977-978.)

It is the appellant's burden to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) An appellant must also present an analysis of the facts and legal authority on each point made, and must support the analysis with appropriate citations to the material facts in the record. If he or she fails to do so, the argument is forfeited. (*County of Solano v. Vallejo Redevelopment Agency* (1999) 75 Cal.App.4th 1262, 1274; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

When, as here, an appeal is "on the judgment roll" (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d

6

147, 154.) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

Lack of legal counsel does not entitle a litigant to special treatment. A party representing himself or herself is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants and attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; see *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121 [self-represented parties are held to the "the same 'restrictive procedural rules as an attorney'"].)

## II

### *Granting of the County's Motion to Strike Costs*

### A.

### *Costs on Appeal Do Not Include Trial Court Costs*

We address first Farr's apparent misconception that, because he was awarded costs on appeal in *Farr I*, he should have been permitted to recover all of the costs he incurred during the litigation of this matter, whether in the trial court or in the Court of Appeal.

Although the actual assessment of costs awarded on appeal is made by the trial court after the issuance of the remittitur (see *Bell v. Superior Court* (1906) 150 Cal. 31, 33), the right to recover costs on appeal is governed solely by California Rules of Court, rule 8.278 (rule 8.278). (*Musaelian v. Adams* (2011) 197 Cal.App.4th 1251, 1259.) Rule 8.278 provides in part: "(a)(1) Except as provided in this rule, the party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal. [¶] . . . [¶] (d) . . . [¶] (1) A party may recover only the following costs, if reasonable: [¶] (A) Filing fees; [¶] (B) The amount the party paid for any portion of the record, whether an original or a copy or both . . . ; [¶] (C) The cost to produce additional evidence on appeal; [¶] (D) The costs to notarize, serve, mail, and file the record, briefs, and other papers; [¶] (E) The cost to print and reproduce any brief, including any

7

petition for rehearing or review, answer, or reply; and  [¶]  (F) The cost to procure a surety bond, including the premium and the cost to obtain a letter of credit as collateral, unless the trial court determines the bond was unnecessary.  [¶]  (2) Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under [California Rules of Court] rule 3.1702."

It is apparent from the plain reading of rule 8.278 that costs incurred in the trial court, if any, are not awarded by this court as an element of costs on appeal.  Rather, a party who has prevailed "in the Court of Appeal" and thereby been awarded costs on appeal pursuant to that rule has been awarded only costs he or she incurred in connection with proceedings in the Court of Appeal, as permitted by rule 8.278(d).  Costs and/or attorney fees incurred during proceedings in the trial court are not included in an award of costs on appeal, even if those trial court proceedings are described colloquially as representing an "appeal" from an administrative decision of the Board.

Accordingly, Farr's assertions that his "'costs on appeal' should also include costs associated with [his] appeal in Superior Court, which was the third step in his long and arduous multi-step appeals process" are without merit.

### B.

### *Farr Failed to Show an Abuse of Discretion*

Among the costs on appeal claimed by Farr was $475 for preparation of a clerk's transcript (item 2).  The trial court granted the County's motion to strike that cost.

"If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary.  On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs.  [Citations.]  . . .  [B]ecause the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized.  [Citations.]"  (*Ladas v. California State Auto. Assn.* (1993)

19 Cal.App.4th 761, 774 and cases cited therein; see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 855.)

The County moved to strike that item on the ground there was no clerk's transcript, as Farr had stipulated to use the original superior court file in lieu of a clerk's transcript. This challenge effectively shifted the burden of proof to Farr to justify the item. (*Ladas v. California State Auto. Assn., supra,* 19 Cal.App.4th at p. 774.)

Farr responded that, as to his "Cost Item 2, it is true that no clerk's transcript was prepared in this case," but he "paid the Nevada Superior Court to prepare a functionally equivalent [original superior court file]." The trial court granted the County's motion to strike Farr's cost memorandum, including item 2; it allowed only $655, the filing fee paid to the Court of Appeal in connection with *Farr I*.

"A costs award is reviewed on appeal for abuse of discretion." (*El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 617.) Farr has not shown on appeal that the trial court abused its discretion in implicitly concluding Farr failed to sustain his burden of proof on his claim for the cost of preparing the original superior court file in lieu of a clerk's transcript. Farr conceded in the trial court that item 2, as claimed on his memorandum of costs was incorrect, but failed to state the amount he hoped to claim as a cost incurred for preparing an original superior court file.

As Farr has failed to demonstrate an abuse of discretion, his contention on appeal must fail.

### III

### *Denial of Farr's Motion for Attorney Fees*

Where attorney fees are authorized by statute they are authorized on appeal as well as in the trial court. (See *People ex rel. Cooper v. Mitchell Brothers' Santa Ana The*ater (1985) 165 Cal.App.3d 378, 387-388; *Sessions Payroll Management, Inc. v. Noble Const. Co.* (2000) 84 Cal.App.4th 671, 677.) Farr contends the trial court erred in denying his motion for attorney fees because their recovery is authorized by statute.

9

"A request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (*Yield Dynamics, Inc. v. TEA Systems Corp*. (2007) 154 Cal.App.4th 547, 577; see *Serrano v. Stefan Merli Plastering Co., Inc*. (2011) 52 Cal.4th 1018, 1025-1026.)

Farr contends the trial court erred in failing to award reasonable attorney fees because (1) section 1611.6 entitles litigants to attorney fees when, as here, the Court of Appeal has found, "indicated or implied," the Board's findings of fact were deficient; and (2) section 5152 entitles litigants to attorney fees when, as here, the Board failed to conduct Farr's hearing according to applicable law. We disagree with both contentions.

**A.**

***Denying Attorney Fees under Section 1611.6 Was Not Error***

Section 1611.5 requires the Board's findings "shall fairly disclose the board's determination of all material points raised by the party in his [or her] petition and at the hearing including a statement of the method or methods of valuation used in appraising the property."[4] Section 1611.6 authorizes an award of attorney fees if the court finds the county board's findings are "so deficient that a remand to the county board is ordered to secure reasonable compliance with the elements of findings required by Section 1611.5."[5] (See also Cal. Code Regs., tit. 18, § 308(c) [same].)

The trial court declined to award attorney fees under section 1611.6. It found that section inapplicable because, in the trial court's view, *Farr I* concludes only that the

---

[4] Board of Equalization regulation 324(e) (Cal. Code Regs., tit. 18, § 324(e)) requires the same. (*Midstate Theatres, Inc. v. County of Stanislaus, supra,* 55 Cal.App.3d 864, 886.)

[5] Government Code section 800 authorizes the recovery of attorney fees in a civil action to review a determination of any administrative proceeding, but limits the award to no more than $100 an hour and a total of $7,500. (Gov. Code, § 800, subd. (a).) But when a party is entitled to attorney fees under section 1611.6, "[t]he dollar limitation set forth in Section 800 of the Government Code [does] not apply." (§ 1611.6.)

10

Board failed to apply the statutory presumption required by section 167(a) affecting the burden of proof in favor of Farr and made no "express finding" the Board's findings were so "deficient" as to require a remand so the Board could make the legally required findings. Farr responds that, by requiring the Board to hold a new hearing and prepare new findings of fact in accordance with specific instructions (see *Farr I, supra,* 187 Cal.App.4th at p. 686), this court "indicated or implied" the Board's former findings of fact were fatally deficient within the meaning of section 1611.6, entitling him to attorney fees.

We agree with the trial court that section 1611.6 is inapplicable. Although Farr challenged the Board's findings of fact as "legally deficient" in his prior appeal (*Farr I, supra,* 187 Cal.App.4th at p. 678), *Farr I* did not reach that issue. Rather, *Farr I* expressly states that "our reason for reversing the judgment is based on the Board's failure to correctly apply the burden of proof and the presumption of correctness in favor of the homeowner," (*id.* at p. 674) and it contains no finding, express or implied, regarding the legal adequacy of the Board's findings. Specifically, the opinion in *Farr I* says nothing about whether the findings adequately "disclose[d] the board's determination of all material points raised by [Farr] in his petition," as required by section 1611.5. Just as cases are not authority for propositions they do not consider (*People v. Martinez* (2000) 22 Cal.4th 106, 118), our prior opinion in *Farr I* cannot be characterized as representing a conclusion that "the findings [of fact] are found by a reviewing court to be so deficient that a remand to the county board is ordered to secure reasonable compliance with the elements of findings required by Section 1611.5" (§ 1611.6), when it is silent on the point.

**B.**

*Denying Attorney Fees under Section 5152 Was Not Error*

Section 5152 provides in pertinent part that a plaintiff "shall be entitled to reasonable attorney's fees as costs" in "an action in which the recovery of taxes is

11

allowed by the court, if the court finds that the void assessment or void portion of the assessment was made in violation of a specific provision of the Constitution of the State of California, of this division, or of a rule or regulation of the board, *and* the assessor should have followed the procedures set forth in Section 538 in lieu of making the assessment." (Italics added.) Section 538 requires an assessor to bring a declaratory relief action against the Board rather than apply a specific statute, rule, or regulation he or she believes to be unconstitutional or invalid. (§ 538, subd. (a).) Because "'certain assessors have chosen not to follow [the property tax laws], resulting in assessments causing the very hardship sought by the Legislature to be avoided,'" section 5152 was enacted with the intention that it act "as a primary tool to compel local assessors to follow state property tax law." (*Prudential Ins. Co. v. City and County of San Francisco* (1987) 191 Cal.App.3d 1142, 1160-1161.)

The trial court declined to award attorney fees under this provision because the assessment of Farr's property "was no[t] found to be void" by this (or, presumably, any) court. Farr argues that by vacating the decision of the Board and ordering it to hold a new hearing to establish a valid assessment for Farr's property, the Board's previous assessment was effectively "voided."

We agree with the trial court's determination that an award of attorney fees under section 5152 was not appropriate. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [we review the correctness of the trial court's ruling, not its reasoning].) Section 5152 does not apply whenever an assessor merely fails to apply a statute or regulation. "Sections 5152 and 538 require a cognitive decision on the part of the assessor that a particular provision, rule or regulation is unconstitutional or invalid either on its face or as applied to the circumstances in the case." (*Phillips Petroleum Co. v. County of Lake* (1993) 15 Cal.App.4th 180, 197-198.) Accordingly, a factual finding by the court "that the reason the assessor did not apply a particular provision was that he or she believed it to be unconstitutional or invalid" is a prerequisite to an attorney fee award

12

under this section.  (*Ibid*., see also *Prudential Ins. Co. v. City and County of San Francisco, supra,* 191 Cal.App.3d at pp. 1159-1160.)  There was no such finding here. Lacking this prerequisite finding, no award of attorney fees under section 5152 was justified.

Having concluded the trial court did not err in denying Farr's motion for an award of attorney fees under either section 1611.6 or 5152, we do not consider his contentions on appeal that the amounts sought were reasonable.

## C.

### *Alternate Theories Raised for the First Time on Appeal*

For the first time on appeal, Farr suggests he may recover attorney fees under a private attorney general theory pursuant to Code of Civil Procedure section 1021.5,[6] or that he should have been permitted to recover his attorney fees as an element of his costs on appeal.

Because Farr did not raise either Code of Civil Procedure section 1021.5 or his claim of entitlement to attorney fees as costs as an independent basis for awarding fees in the trial court, both arguments are forfeited.  (See *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685 ["Contentions or theories raised for the first time on appeal are not entitled to consideration"].)

---

[6] Code of Civil Procedure section 1021.5 states in part:  "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if:  (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

13

## DISPOSITION

The trial court's order is affirmed.  County of Nevada is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


                                                        HOCH       , J.


We concur:


      BLEASE      , Acting P. J.


      BUTZ      , J.